Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| PR DISPOSAL 4 CONTRACTOR SERVICES INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAUNABO<br><br>Recurridos | TA2025RA00145 | REVISIÓN JUDICIAL procedente de la Oficina de Secretaría Municipal, Gobierno Municipal de Maunabo<br><br>Aviso de Adjudicación de Subasta General Núm. 5, Serie 2025-2026, Año Fiscal 2024-2025, Renglón 4 (Servicios de Recogido, Regado y Compactado de Asfalto) |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece ante este tribunal apelativo, PR Disposal 4 Contractor Services, Inc. (PR Disposal o parte recurrente) mediante el *Recurso de Revisión Judicial* de epígrafe solicitándonos que dejemos sin efecto la adjudicación de la Junta de Subastas del Municipio Autónomo de Maunabo, Renglón 4 de la Subasta General Núm. 5, Serie 2025-2026, del Año Fiscal 2024-2025 (Junta) sobre el servicio de recogido, regado y compactado de asfalto. Mediante este dictamen, la Junta le adjudicó la subasta a NHI Construction, Corp. (NHI Construction).

Por los fundamentos que expondremos a continuación, se desestima el presente recurso ante su presentación prematura.

**I.**

El 5 de mayo de 2025, la Junta publicó el aviso de *Subasta General, Subasta #5; serie 2025-2026; Año Fiscal 2024-2025,*

dividido por renglones, concediendo a las entidades interesadas hasta el 28 y 29 de mayo de 2025 para someter sus respectivas propuestas.[1] Entre los veintiséis (26) renglones incluidos en la subasta, se encontraba el renglón núm. 4 correspondiente a servicios de recogido, regado y compactado de asfalto. Cónsono con dicho aviso, el 20 de mayo de 2025, PR Disposal presentó su propuesta para competir por el referido renglón núm. 4.[2]

Luego de evaluar las ofertas recibidas para el renglón núm. 4, el 31 de julio de 2025, la Junta llevó a cabo una reunión en la cual determinó adjudicar el renglón 4 de la Subasta General a NHI Construction. Así pues, el 1 de agosto de 2025, la Junta notificó mediante comunicación escrita a los proponentes la referida adjudicación. El *Aviso de Notificación* indicaba lo siguiente:

> Luego de realizar la evaluación de SEIS (6) ofertas recibidas para el Renglón Número 4 la Junta decidió adjudicar la buena pro a la empresa:
>
> NHI CONSTRUCTION, CORP.
>
> Las empresas participantes lo fueron:
>
> a) 4 CONTRACTOR SE CORP.:
>  4contractorsecorp@gmail.com
> b) NHI CONSTRUCTION, CORP.:
> nhiconstructions@hotmail.com
> c) PR DISPOSAL 4 CONTRACTOR:
> prdisposalcsi@gmail.com
> d) PUERTO RICO ASPHALT, LLC:
> venta@prasphalt.com
> e) A&M SOLUTION, LLC:
> aymsolutionsllc@gmail.com
> f) BERRIOS CONTRACTOR & ASPHALT, INC;
> berrioscontractor.asphalt@gmail.com.[3]

Inconforme con la adjudicación de la subasta, el 11 de agosto de 2025, PR Disposal presentó el recurso de revisión que nos ocupa señalando el siguiente error:

> ERRÓ LA JUNTA DE SUBASTAS AL ADJUDICAR LA BUENA PRO DEL RENGLÓN 4 DE LA SUBASTA GENERAL NÚM. 5 A NHI CONSTRUCTION, CORP., SIN LLEVAR A CABO UN ANÁLISIS EXHAUSTIVO

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, a la pág. 46.

[2] *Íd.*, Entrada núm. 1, a las págs. 1-3.

[3] *Íd.*, Entrada núm. 2, a las págs. 1-2.

Y/O NO EXPONER LAS RAZONES Y LOS MOTIVOS QUE JUSTIFICAN TAL CONCESIÓN.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

**La Jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Púb.,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma

prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones en la Regla 83, *supra*, dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**Procedimiento de Pública Subasta y Notificación de Adjudicación**

El procedimiento de pública subasta es uno de suma importancia y está revestido del más alto interés público en pos de promover la inversión adecuada, responsable y eficiente de los recursos del Estado. *Maranello, Inv. v. Oficina de Administración de los Tribunales*, 186 DPR 780, 793 (2012); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.,* 177 DPR 398, 404 (2009); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778-779 (2006). Como la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración

primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, las subastas gubernamentales tienen como objetivo el establecer un esquema que asegure la competencia equitativa entre los licitadores, evitar la corrupción y minimizar los riesgos de incumplimiento. *Aluma Constr. Corp. v. De Acueductos Alcantarillados*, 182 DPR 776, 783 (2011); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.*, supra.

Ahora bien, dado que la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, dichos procedimientos están revestidos de un gran interés público y aspiran a promover una sana administración pública. *Marina Costa Azul v. Comisión*, 170 DPR 847 (2007); *AEE v. Maxon*, 163 DPR 434, 438-39 (2004). El propósito de regular la realización de obras y la contratación de servicios para el Gobierno, mediante los sistemas de subastas es proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento. *Perfect Cleaning v. Cardiovascular*, 162 DPR 745 (2004); *RBR Const., S.E. v. A.C.*, 149 DPR 836, 849 (1999); *Mar-Mol, Co. v. Adm. Servicios Gens.*, 126 DPR 864 (1990). Por lo tanto, los tribunales tienen el deber de asegurarse de que las instrumentalidades públicas cumplen con la ley, con sus propios procedimientos y que tratan de forma justa a los licitadores al momento de adjudicar una subasta. *RBR Const., S.E. v. A.C.*, *supra*, a la pág. 856.

Particularmente, el requerimiento de propuestas que adjudique una Junta de Subastas municipal está preceptuada por

la Ley núm. 107-2020, según enmendada, intitulada *Código Municipal de Puerto Rico,* 21 LPRA sec. 7001*, et seq. (*Ley núm. 107-2020*)*. Específicamente, el Art. 2.040 de la referida ley, 21 LPRA sec. 7216, establece que la Junta de Subastas adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento. Asimismo, dicha disposición en su inciso (a) exige que se cumplan con ciertos criterios de adjudicación, entre estos, que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. *Íd.* **Además, puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados las razones por la cuales no se le adjudicó la subasta**. *Íd.*

Cónsono con lo anterior, los tribunales tenemos la obligación de asegurar que las entidades públicas cumplan con las disposiciones normativas aplicables y con los reglamentos y procedimientos adoptados por ellas para regir la celebración de subastas para la adquisición de bienes y servicios del sector privado. *RBR Const. S.E. v. A.C.,* 149 DPR 836, 856 (1999). También, debemos asegurar que en estos procesos se trate de forma justa e igualitaria a todos los licitadores, al momento de recibir y evaluar sus propuestas y de adjudicar la subasta. *Íd.*

Por otra parte, los tribunales reconocemos la discreción de las juntas de subastas, "al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 348-349. Esta discreción les permite a las agencias adjudicar la subasta al postor que consideren más

apropiado, aun cuando no sea el más bajo, si con ello se sirve al interés público. *Caribbean Communications v. Pol. de PR,* 176 DPR 978, 1007 (2009). No obstante, los procedimientos de subastas son procedimientos con ciertas características adjudicativas, por eso, una vez se ha tomado la decisión administrativa, la parte adversamente afectada tiene derecho a solicitar la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

En lo pertinente a la notificación de adjudicación de la subasta, la jurisprudencia dispone que se debe incluir lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 743-744 (2001). **Cuando se incumple con estos requisitos, la notificación no es válida**. *Íd.* El requerimiento de que se incluyan los fundamentos en la notificación asegura que los tribunales podamos revisar esos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. *Junta Dir. Portofino v. P.D.C.M.,* 173 DPR 455, 467 (2008).

A su vez, el Capítulo VIII Parte II sección 13 del Reglamento Núm. 8873, también conocido como *Reglamento Para la Administración Municipal de 2016* establece los requisitos de contenido de una notificación de adjudicación de subasta municipal. La referida sección establece lo siguiente:

> …

> (2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

b) síntesis de las propuestas sometidas;

c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez días (10) contados desde el depósito en el correo de la notificación de adjudicación.

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a trascurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. (Énfasis suplido).

Finalmente, el defecto de alguno de los requisitos señalados anteriormente convierte la notificación en una inadecuada. Por ende, una notificación que no se ajuste a las garantías procesales mínimas, antes señaladas, convierte en ineficaz el derecho a la revisión judicial de la adjudicación. Este defecto produce que el término para acudir ante este tribunal, en solicitud de revisión judicial, no comience a decursar. *IM Winner, Inc. v. Mun. de Guayanilla*, supra, a la pág. 38 (2000).

**III.**

En el presente recurso, PR Disposal señaló como único error que la Junta de Subastas erró al adjudicar la buena pro del renglón 4 de la Subasta General núm. 5 a NHI Construction. Ello, sin llevar a cabo un análisis exhaustivo y/o no exponer las razones y los motivos que justificaban su concesión.

De entrada, es meritorio señalar que las cuestiones relativas a la jurisdicción del tribunal deben ser resueltas con preferencia porque de carecer de jurisdicción para atender el caso, lo único que corresponde hacer es así manifestarlo. Por consiguiente, resolvemos que no tenemos jurisdicción para atender la controversia ante nuestra consideración. Ello, puesto que la notificación de la

adjudicación de la subasta fue defectuosa y, por ende, el término de diez (10) días que dispone la ley para recurrir ante este foro apelativo, no ha comenzado a transcurrir.

Según el derecho previamente expuesto, para que una notificación de adjudicación de subasta sea válida y adecuada debe contener lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra. No podemos olvidar que, el derecho a cuestionar una resolución administrativa mediante revisión judicial proviene del derecho constitucional al debido proceso de ley, y por ello, es indispensable que las agencias cumplan cabalmente con el requisito de notificación adecuada. *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

Del expediente ante nuestra consideración surge que, en la carta mediante la cual la Junta notificó la adjudicación de la subasta, únicamente incluyó a la empresa a quien se adjudicó la misma y los nombres de los otros licitadores con sus respectivos correos electrónicos. No obstante, la Junta incumplió con varios requisitos esenciales que son indispensables para garantizar un procedimiento justo y transparente en el proceso.

En primer lugar, el *Aviso de Adjudicación,* careció de un resumen del contenido de las propuestas sometidas por los licitadores. Además, la Junta no especificó los factores o criterios que tomó en consideración para el renglón núm. 4 de la subasta a NHI Construction. Entiéndase, que la expresión de que "luego de realizar la evaluación de seis (6) ofertas recibidas para el Renglón Número 4 la Junta decidió adjudicar la buena pro a la empresa: NHI

Construction, Corp." no constituye una exposición clara ni suficiente de los criterios utilizados en la evaluación, tampoco explica cómo dichos criterios fueron aplicados de forma comparativa.

Por otra parte, la Junta no señaló los defectos u omisiones en las propuestas de 4 Contractor SE Corp., NHI Construction, Corp., PR Disposal 4 CONTRACTOR, PUERTO RICO ASPHALT LLC y A&M Solution, LLC y Berríos Contractor & Asphalt, Inc., por lo que estos estaban impedidos de conocer la razón por la cual no fueron seleccionados. Así pues, se limitó la capacidad de estos licitadores para ejercer su derecho de impugnación de forma informada.

Por todo lo anterior, resulta forzoso concluir que la notificación de adjudicación emitida por la Junta incumplió con varios elementos esenciales que la normativa vigente y la jurisprudencia exigen. Al omitir dichos detalles, se laceró el derecho de notificación adecuada de los licitadores perdidosos. Por tanto, se impidió ejercer de manera efectiva su derecho a reconsiderar o impugnar la determinación de la Junta. Reiteramos que, el incurrir en incumplimiento con lo antes expuesto nos impide evaluar si, en efecto, la actuación de la Junta fue arbitraria, irrazonable o caprichosa. Por tal razón, estamos obligados a desestimar el recurso por falta de jurisdicción por prematuro.

Finalmente, advertimos que, una vez la Junta enmiende la notificación de adjudicación para atemperarla a los requisitos establecidos previamente explicados, es que comenzará a transcurrir el término que provee la Ley núm. 107-2020, *supra*, para PR Disposal o cualquier otro proponente no agraciado, que así lo entienda, presente su recurso de revisión ante esta *Curia*.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación prematura.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones